UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL NO. 3:14-CR-44-GNS-1

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.

CHRISTOPHER HISLE                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Motion for Restitution (Pl.'s Mot. for Restitution, DN 44). For the following reasons, the United States' motion is **GRANTED**.

### I. SUMMARY OF FACTS AND CLAIMS

On June 19, 2014, a grand jury sitting in this district returned a superseding indictment charging Defendant Christopher Hisle ("Hisle") with one count of transporting for prostitution in violation of 18 U.S.C. § 2421; two counts of coercion or enticement of an individual into prostitution in violation of 18 U.S.C. § 2422; and one count of sexual trafficking of children by force, fraud, or coercion in violation of 18 U.S.C. § 1591 and attempt to do so in violation of 18 U.S.C. § 1594. (Superseding Indictment, DN 22).

On November 14, 2014, Hisle pleaded guilty to all four counts of the superseding indictment. (Plea Agreement, DN 34). In Paragraph 9 of his plea agreement, Hisle agreed to pay restitution to the victims of his crimes, in particular 12 individuals identified by their initials: A.V., N.C., A.H., Ke.B., M.C., A.S., E.J., B.D., J.L., A.T, P.T., and N.T. (Plea Agreement ¶ 9). On March 31, 2015, the Court entered judgment against Hisle and sentenced him to 180 months

as to Counts Two through Four and 120 months as to Count One, all to run concurrently for a total of 180 months. (J., DN 42).

On May 8, 2015, the United States filed its Motion for Restitution (DN 44), and Hisle filed a belated response (DN 50). Accordingly, the motion is ripe for decision.

## II. DISCUSSION

Because Hisle pleaded guilty to a violation of 18 U.S.C. § 1591, the Court is required to order restitution of the full amount of the victims' losses. 18 U.S.C. § 1593(a), (b)(3). The full amount of the victims' losses includes "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18 U.S.C. § 1593(b)(3).

The amount of restitution ordered does not need to "be proven with exactitude." *In re Sealed Case*, 702 F.3d 59, 66 (D.C. Cir. 2012). "[D]etermining the dollar amount of a victim's losses attributable to the defendant will often be difficult and such a determination will inevitably involve some degree of approximation, which is not fatal." *Id.* (quoting *United States v. Monzel*, 641 F.3d 528, 540 (D.C. Cir. 2011)) (internal quotation marks omitted). If the government's suggested figure is supported in the record, a district court does not abuse its discretion in adopting those figures. *See United States v. Sanderson*, 515 F. App'x 16, 18-19 (2d Cir. 2013). Because Hisle did not respond to the United States' motion, the only evidence in the record as to restitution has been offered by the United States.

In its motion, the United States has provided a chart listing each victim, the estimated time frame during which they worked for Hisle, the restitution amount requested by the victim

(when applicable), a calculation based on $120 received per client at one client per day,[1] and a calculation based on the federal minimum wage.[2] (Pl.'s Mot. for Restitution 10).

Based upon the Court's review, it finds that the appropriate measure of restitution is the United States' calculations based on receipt of $120 per day for a number of reasons. First, the federal minimum wage is not the greater amount for any of the victims as required by 18 U.S.C. § 1593, making it an inappropriate measure. Second, the government's $120 per day calculation removes any disparity in awards between victims who requested a specific amount and victims who did not. Third, if the Court were to award the amounts requested for the victims who made such a request and applied the $120 per day formula to those who did not make such a request, the total amount would be $915,740, which sum appears to be so large that there would be little hope of satisfaction. On the other hand, awarding each victim, other than J.L., according to the government's $120 per day calculation and awarding $800 to J.L. yields $213,440, an amount that seems more reasonably likely to be collectible from Hisle. Finally, all of the victims that the United States could contact who submitted restitution requests have agreed to the calculation of $120 per day.

Accordingly, the Court will order Hisle to pay each victim the product of the amount of days she worked for Hisle multiplied by $120, except J.L. who will be awarded $800.

---

[1] The United States arrived at a formula of $120 per client and one client per day as a conservative estimate based upon interviews with the victims and evidence collected during its investigation. (Pl.'s Mot. for Restitution 8). Of the six victims who submitted restitution requests, one victim's requested amount is less than the amount calculated for her using the United States' formula. (Pl.'s Mot. for Restitution 9). Of the remaining five victims, the four who could be reached agreed to this calculation "based on the Defendant's likely inability to pay full restitution, and the desire to resolve the matter through agreement, rather than additional litigation." (Pl.'s Mot. for Restitution 9 n.1).

[2] Victim J.L. is not included in the United States' chart because she did not perform any sex acts even though Hisle recruited her. Hisle, however, stole $800 from her purse, which is a recoverable under 18 U.S.C. § 1593.

3

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the United States' Motion for Restitution (DN 44) is **GRANTED**. Each victim will be awarded restitution in accordance with the following table, for a total amount of $213,440:

| Victim | Amount of Restitution |
| --- | --- |
| A.V. | $14,400 |
| N.C. | $5,400 |
| A.H. | $10,800 |
| Ke.B. | $43,200 |
| M.C. | $21,600 |
| A.S. | $840 |
| E.J. | $18,000 |
| B.D. | $3,600 |
| A.T. | $14,400 |
| P.T. | $58,800 |
| N.T. | $21,600 |
| J.L. | $800 |

**SO ORDERED.**

**Greg N. Stivers, Judge**
**United States District Court**

July 8, 2015

cc:     counsel of record